AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br>Eduard Murillo-Rivera<br>a/k/a Eduardo Murillo-Rivera<br><br>*Defendant(s)* | ) ) ) ) ) ) ) )  Case No.<br>2:24-mj-01018-TRR |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __February 13, 2024__ in the county of __Charlotte__ in the __Middle__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) | Illegal re-entry by deported alien |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

_____
Complainant's signature

David W. Strange, U.S. Border Patrol Agent
Printed name and title

Sworn to before me over the telephone or other reliable electronic means and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d).

Date: 02/15/2024

_____
Judge's signature

City and state: Fort Myers, Florida

TIMOTHY R. RICE, U.S. MAGISTRATE JUDGE
Printed name and title

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, David W. Strange, being duly sworn, hereby depose and state as follows:

1. I have been employed as a United States Border Patrol Agent with the United States Border Patrol since June 15, 1998.

2. In my capacity as a Border Patrol Agent, I am charged with enforcing U.S. immigration laws, both administrative and criminal. I am a federal law enforcement officer with the authority to execute arrest warrants and search warrants under the authority of the United States.

3. This affidavit is submitted in support of a criminal complaint. The statements contained in this affidavit are based on my personal experiences and observations as well as those of other agents. This affidavit does not contain every fact regarding the investigation but does contain what I believe are sufficient facts to demonstrate that probable cause to believe that **Eduard Murillo-Rivera** has committed the offense of illegal re-entry after deportation, in violation of 8 U.S.C. § 1326(a).

## FACTS AND CIRCUMSTANCES

4. On February 13, 2024, at approximately 2:04 P.M., Border Patrol Agent (BPA) Strange received a text from Sergeant Filipowicz, with the Charlotte County Sheriff's Office (CCSO), concerning a subject that was a driver in a vehicle in which he stopped. The text was a picture of a Honduran Identification Card with the name of Eduard Alexander **Murillo-Rivera** and a date of birth of February 21, 1995.

Sergeant Filipowicz explained that the vehicle was pulled over for a traffic violation, and he advised that **Murillo-Rivera** would be arrested for operating a motor vehicle without a license.

5. Your Affiant arrived on scene and ran the name on the ID card through several law enforcement databases, such as the Enforcement Integrated Database and National Crime Information Center, and found that an individual by the name of **Eduard Murillo-Rivera** with the same date of birth was a native and citizen of Honduras. Further, the database provided that the individual had previously been assigned FBI number W8KJT09TV and Alien Registration Number A208 549 539. Further, your Affiant noted that the photo from the ID card, the photo in the law enforcement database, and the individual encountered, all appeared to be the same individual. From a review of the database, your Affiant found that the subject had been removed from the United States on one prior occasion.

6. At the Charlotte County Jail, your Affiant fingerprinted **Murillo-Rivera**, and conducted an automated search of records using law enforcement databases which located the same FBI # W8KJT09TV and A# 208 549 539 for this individual.

7. After fingerprinting **Murillo-Rivera**, your Affiant read **Murillo-Rivera** his *Miranda* rights in Spanish, his preferred language. Your Affiant asked **Murillo-Rivera** if he understood his rights and he stated that he did. The subject agreed to speak with your Affiant. Your Affiant asked **Murillo-Rivera** what country he was a

citizen and he replied, "Honduras." Your Affiant asked **Murillo- Rivera** if he had any immigration documents to allow him to remain in the country legally, and he replied, "No." Your Affiant showed **Murillo-Rivera** his photo located in IDENT (Office of Biometric Identity Management *provides biometric match, store, share, and analyze services to DHS and mission partners)* from his prior encounter by a deportation officer on July 3, 2019, and he admitted that the photo shown was him. IDENT and EARM ((Immigration and Customs' Enforcement Removal tool) records show that **Murillo-Rivera** had been previously ordered removed from the United States on or about July 26, 2019, in Oakdale, LA, and that he was physically removed to Honduras pursuant to the order of removal on or about September 12, 2019, through Alexandria, LA. Your Affiant asked the subject whether he had been previously removed from the United States, and **Murillo-Rivera** replied "Yes."

8. Furthermore, during this interview, your Affiant asked **Murillo-Rivera** if he had ever asked for permission from the Attorney General of the United States or Department of Homeland Secretary to re-enter the United States, and he replied, "No." In addition, your Affiant asked **Murillo-Rivera** if he re-entered the United States voluntarily, and he replied, "Yes."

9. Your Affiant conducted a preliminary search of US Citizenship and Immigration Service's Person Centric Query System, which contains Central Index System, CLAIMS, and Department of Justice's Executive Office of Immigration Review, and found that no information existed in any database showing that

**Murillo-Rivera** has ever requested or received permission from the Attorney General, the Secretary for the Department of Homeland Security, or any other immigration official, to re-enter the United States after his prior deportation from the United States.

## CONCLUSION

Based on the foregoing facts, I believe there is probable cause to establish that **Eduard Murillo-Rivera**, a citizen and national of Honduras, is an alien found in the United States without permission after removal, in violation of 8 U.S.C. § 1326(a).

_____
David W. Strange, U.S. Border Patrol Agent
United States Border Patrol

Affidavit submitted by email and attested to me
as true and accurate by phone consistent with
Fed. R. Crim. P 4.1 and 41(d)(3) before me
on this 15th day of February 2024.

_____
TIMOTHY R. RICE
United States Magistrate Judge